**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
NICOLE STEWART, ELIZABETH
AGRAMONTE and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,

                     Plaintiffs,

          -against-

HAIN CELESTIAL GROUP, INC.,

                     Defendant.
------------------------------------------------------------- X
SALLY BREDBERG and REBECCA
BROMBERG, individually and on behalf of
all others similarly situated,

                     Plaintiffs,

          -against-

THE HAIN CELESTIAL GROUP, INC.,

                     Defendant.
------------------------------------------------------------- X
ALYSSA MAYS, individually and on behalf
of all others similarly situated,

                     Plaintiffs,

          -against-

HAIN CELESTIAL GROUP, INC.,

                     Defendant.
------------------------------------------------------------- X

CASE NO.
2:21-cv-00678-JS-AYS

2:21-cv-00758

2:21-cv-00805

------------------------------------------------------- X
MICHELLE WALLS, on behalf of herself
and all others similarly situated; and N.W.,
a minor child, by his parent and general
guardian Michelle Walls, on behalf of himself
and all others similarly situated,

      Plaintiffs,

 -against-            1:21-cv-00870

BEECH-NUT NUTRITION COMPANY;
THE HAIN CELESTIAL GROUP, INC.;
NURTURE, INC. D/B/A HAPPY FAMILY
ORGANICS; GERBER PRODUCTS
COMPANY; and PLUM PBC.,

      Defendants.

------------------------------------------------------- X
LEE BOYD, individually and on behalf of all
others similarly situated,

      Plaintiff,

 -against-            2:21-cv-00884

HAIN CELESTIAL GROUP, INC.,

      Defendant.
------------------------------------------------------- X
KELLY MCKEON, RENEE BRYAN, and
MARILYN CARSON, individually and on
behalf of all others similarly situated,

      Plaintiffs,

 -against-            2:21-cv-00938

HAIN CELESTIAL GROUP, d/b/a Earth's
Best Organics,

      Defendant.
------------------------------------------------------- X

```
-------------------------------------------------------- X
LEIBA BAUMGARTEN, individually and on
behalf of all others similarly situated,

                          Plaintiff,

          -against-                                          2:21-cv-00944

THE HAIN CELESTIAL GROUP, INC.,

                          Defendant.
-------------------------------------------------------- X
CHARLOTTE WILLOUGHBY,

                          Plaintiff,

          -against-                                          2:21-cv-00970

HAIN CELESTIAL GROUP, d/b/a Earth's
Best Organics,

                          Defendant.
-------------------------------------------------------- X
```

**MEMORANDUM OF LAW IN SUPPORT OF THE STEWART PLAINTIFFS'
MOTION FOR CONSOLIDATION AND TO SET DEADLINES**

I.     INTRODUCTION

Plaintiffs Nicole Stewart, Elizabeth Agramonte and Summer Apicella ("the *Stewart* Plaintiffs"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion for consolidation of the above-captioned actions against Hain Celestial Group, Inc. ("Defendant" or "Hain"), as well as any subsequently filed or transferred related actions, for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"), and to set certain deadlines regarding the filing of motions for interim class counsel and a consolidated amended complaint should the Court grant consolidation.. The *Stewart* Action was the first-filed, and is thus the low-numbered case, in this District.[1]

Eight similar actions (the "Related Actions")[2] concerning similar facts and allegations are currently pending before this Court. The Related Actions each allege that certain of Hain's baby

---

[1] Defendant stated in a letter filed with the Court on February 26, 2021 (ECF No. 18) that it sought a 45-day extension of its deadline to file a responsive pleading so it could "have additional time to investigate the factual allegations set forth in Plaintiffs' complaint and consider whether, and how, this lawsuit should be coordinated with the numerous other lawsuits pending in federal courts around the country" against Hain, stating that the *Stewart* Plaintiffs consented to the extension. While the *Stewart* Plaintiffs did consent to an extension for Defendant's responsive pleading, they had informed Defendant that they were making a motion for consolidation and twice sought Defendant's position on this Motion. While Defendant has not yet responded, the *Stewart* Plaintiffs did not consent to allow Defendant 45 days to consider how to handle the very few other lawsuits against Hain filed outside this District. As noted below, eight such lawsuits are pending in this District and only three elsewhere. Notably, Defendant Hain is a citizen of the State of New York with its principal place of business in Lake Success, New York in the Eastern District of New York, Central Islip Division.

[2] *Stewart v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00678-JYS (E.D.N.Y.); *Bredberg v. The Hain Celestial Group, Inc.*, Case No. 2:21-cv-00758 (E.D.N.Y.); *Mays v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00805 (E.D.N.Y.); *Walls et al v. Beech-Nut Nutrition Corp. et al*, Case No. 1:21-cv-00870 (E.D.N.Y.); *Boyd v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00884 (E.D.N.Y.); *McKeon v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00938 (E.D.N.Y.); *Baumgarten v. The Hain Celestial Group, Inc. et al*, Case No. 2:21-cv-00944 (E.D.N.Y.); and *Willoughby v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00970 (E.D.N.Y.).

1

food products (the "Tainted Baby Foods") are and were tainted with significant and dangerous levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury (the "Heavy Metals"), and that Hain misrepresented or omitted disclosure of this fact from consumers. Each Related Action seeks, *inter alia*, injunctive relief barring Hain from continuing to misrepresent the truth about its products as well as monetary damages compensating for the purchase of the Tainted Baby Foods. The Related Actions present similar factual and legal issues and will involve the same or similar discovery. Accordingly, consolidation of the actions into a single action is called for under Fed. R. Civ. P. 42(a).[3] Through their respective class actions, plaintiffs in the Related Actions allege a combination of various state consumer protection statutes and other common law causes of action against Defendant Hain.[4]

The *Stewart* Plaintiffs respectfully request that the Related Actions be consolidated into a single action under their lowest numbered action.[5] The power to consolidate related actions falls

---

[3] In addition to the Related Actions, the following substantially similar cases were filed against Hain in other federal district courts: *Garces v. Gerber Products Co. et al*, Case No. 1:21-cv-00719 (N.D. Ill.), *Wallace et al v. Gerber Products Co. et al*, Case No. 2:21-cv-02531 (D.N.J.), *Johnson v. Beech-Nut Nutrition Company et al*, Case No. 2:21-cv-02096 (D. Kan.), and *Mays v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-01185 (S.D.N.Y.). The *Mays* case has since been voluntarily dismissed and refiled in the E.D.N.Y. and is one of the Related Actions included herein. Thus, at this time, there appear to be three cases against Hain pending in other jurisdictions. All such cases name multiple defendants, including Hain.

[4] The causes of action alleged include: violations of, among others, New York, California, Illinois, Ohio, Minnesota, and Florida state consumer protection act statutes, unjust enrichment, fraudulent concealment, intentional misrepresentation, negligent misrepresentation, breach of express warranty, breach of implied warranty of merchantability, negligence, gross negligence, strict product liability, fraudulent misrepresentation, and fraud by omission.

[5] The *Walls* action, *Walls et al v. Beech-Nut Nutrition Corp. et al*, Case No. 1:21-cv-00870 (E.D.N.Y.), is the sole case filed in this District to name several defendants in the complaint in addition to Defendant Hain. However, given that the *Walls* complaint is substantially the same as the other Related Action complaints as to Defendant Hain, the *Stewart* Plaintiffs propose that the *Walls* action be consolidated at this time to the extent it names Hain as a defendant therein, which can be revisited and revised following appearances by those defendants other than Hain and the Court's examination and any rulings regarding how that case will be handled in light of the multiple defendants. *See* Fed. R. Civ. P. 42(a)(3) ("If actions before the court involve a common

2

within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (district court has "broad discretion to determine whether consolidation is appropriate.").

Here, the *Stewart* Plaintiffs respectfully propose that consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts. Specifically, each of the Related Actions focuses on whether Hain is liable to consumers for its alleged misrepresentations and omissions regarding the true level of Heavy Metals contained in the Tainted Baby Foods. Since the Related Actions pending before this Court present essentially the same factual and legal issues, involve the same defendant, and will involve substantially the same discovery, consolidation is appropriate. *See, e.g., Crumrine v. Vivint Solar, Inc.*, No. 19-CV-5777 (FB) (JO), 2020 U.S. Dist. LEXIS 50090 (E.D.N.Y. Mar. 23, 2020) (consolidation appropriate where separate class actions are "substantially similar.") (citing Fed. R. Civ. P. 42(a)). The Related Actions present similar factual and legal issues and will involve the same or similar discovery. Accordingly, consolidation of the actions is called for under Rule 42(a).

## II. FACTUAL BACKGROUND

These Related Actions all arise out of a recent report dated February 4, 2021, *Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury* ("the Congressional Report"), issued by the Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform, U.S. House of Representatives ("the House Subcommittee").[6] The

---

question of law or fact, the court may: …(3) issue any other orders to avoid unnecessary cost or delay.").

[6] *Available at* https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20Staff%20Report.pdf (last accessed February 26, 2021).

3

Congressional Report issued detailed findings that Heavy Metals, including arsenic, cadmium, lead, and mercury, were present in dangerously "significant levels" in numerous commercial baby food products, including those of Defendant. *See* Stewart Complaint ¶ 1. The Food and Drug Administration (the "FDA") and the World Health Organization ("WHO") have declared Heavy Metals dangerous to human health, particularly to babies and children, who are most vulnerable to their neurotoxic effects. *See id.* at ¶ 18. Even low levels of exposure can cause serious and often irreversible damage to brain development. *See id.* (citing Congressional Report at 2). In fact, children's exposure to toxic heavy metals causes, among other things, permanent decreases in IQ, diminished future economic productivity, and increased risk of future criminal and antisocial behavior. *See id.* (citing Congressional Report at 9).[7] The FDA cautions that infants and children are at the greatest risk of harm from toxic heavy metal exposure. *See id.*[8] All of the Related Actions rely on the Congressional Report to allege substantially similar allegations in each case.

The Congressional Report arose out of reports alleging high levels of toxic Heavy Metals in baby foods, as a result of which the House Subcommittee requested internal documents and test results from seven of the largest manufacturers of baby food in the United States, including both makers of organic and conventional products. *See id*. at ¶ 19. One of those companies was Defendant Hain, which responded to the House Subcommittee's requests and produced its internal testing policies, test results for ingredients and/or finished products, and documentation about what it did with ingredients and/or finished products that exceeded its internal testing limits. *See id*.

---

[7] *See also* Miguel Rodriguez-Barranco et al., *Association of Arsenic, Cadmium and Manganese Exposure with Neurodevelopment and Behavioral Disorders in Children: A Systematic Review and Meta-Analysis* (April 9, 2013) – www.sciencedirect.com/science/article/abs/pii/S0048969713003409?via%3Dihub) (last accessed February 26, 2021).
[8] *See* Food and Drug Administration, *Metals and Your Food* – www.fda.gov/food/chemicals-metals-pesticides-food/metals-and-your-food) (last accessed February 26, 2021).

The FDA and other organizations have set rules and/or issued guidelines and recommendations as to the maximum allowable or advisable and safe levels of inorganic arsenic, lead, cadmium and mercury in various circumstances, and the test results of Hain (Earth's Best Organic) baby foods eclipse those levels for inorganic arsenic, lead and cadmium. *See id.* at 21 (citing Congressional Report at Findings, Paragraph 1). Shockingly, Hain does not even test for mercury in its baby food. *See id.*

According to the Congressional Report, Hain sold finished baby food products containing as much as 129 ppb inorganic arsenic. *See id.* at ¶ 22. Hain typically only tested its ingredients, not finished products and documents showed that Hain used ingredients testing as high as 309 ppb arsenic. *See id.* Hain used ingredients containing as much as 352 ppb lead. *See id.* at ¶ 23. Hain also used 102 ingredients in its baby food that tested over 20 ppb cadmium, with some testing much higher, up to 260 ppb cadmium. *See id.* at ¶ 24.

The Congressional Report revealed that Hain's internal company standards permit dangerously high levels of toxic Heavy Metals, and documents revealed that Hain has often sold baby foods that exceeded even its own inadequate internal standards. *See id.* at ¶ 26. For example, Hain's internal standard is 200 ppb for arsenic, lead and cadmium in some of its ingredients but Hain exceeded its internal policies, using ingredients containing 353 ppb lead and 309 ppb arsenic. *See id.* Hain attempted to justify deviations above its internal ingredient testing standards based on "theoretical calculations," even after admitting to the FDA that its internal testing underestimated final product toxic Heavy Metal levels. *Id.*

The Congressional Report stated that a secret industry presentation was made to federal regulators revealing increased risks of dangerous levels of toxic Heavy Metals in baby foods. On

August 1, 2019, the FDA received a secret slide presentation from Hain which revealed (Congressional Report at Findings, ¶ 4) that:

> Corporate policies to test only ingredients, not final products, underrepresent the levels of toxic heavy metals in baby foods. In 100% of the Hain baby foods tested, inorganic arsenic levels were higher in the finished baby food than the company estimated they would be based on individual ingredient testing. Inorganic arsenic was between 28% and 93% higher in the finished products.
>
> Many of Hain's baby foods were tainted with high levels of inorganic arsenic – half of its brown rice baby foods contained over 100 ppb inorganic arsenic; its average brown rice baby food contained 97.62 ppb inorganic arsenic; and
>
> Naturally occurring toxic heavy metals may not be the only problem causing the unsafe levels of toxic heavy metals in baby foods; rather, baby food producers like Hain may be adding ingredients that have high levels of toxic heavy metals into their products, such as vitamin/mineral pre-mix.

*Stewart* Complaint ¶ 27. To this day, baby foods containing dangerous levels of toxic Heavy Metals bear no label or warning to parents. But the Congressional Report makes clear that this is unacceptable and deceptive. *See id.* at ¶ 28. As a result of its studies of toxic Heavy Metal levels in baby food, the House Subcommittee has recommended that parents should avoid baby foods that contain ingredients testing high in toxic Heavy Metals, such as rice products. *See id.* at ¶ 29 (citing Congressional Report Findings, Paragraph 5).

Baby food manufacturers hold a special position of public trust. Consumers believe that they would not sell products that are unsafe. Consumers also believe that the federal government would not knowingly permit the sale of unsafe baby food. As the Congressional Report reveals, baby food manufacturers (including Hain (Earth's Best Organic)) have violated the public trust. *See id.* at ¶ 30 (citing Congressional Report Findings, Paragraph 6).

Defendant's Tainted Baby Foods are available at numerous retail and online outlets and are widely advertised. *See id.* at ¶ 35. Despite the conclusions in the Congressional Report regarding the presence of dangerous levels of Heavy Metals in Hain's Tainted Baby Foods, on its

6

website, Defendant Hain describes its "Earth's Best Organic" line of products as "time-trusted and safe" and claims said products "are produced without the use of potentially harmful pesticides." *Id.* at ¶ 33; *see also id.* at 11-12 (citing http://www.hain.com/company/) (Hain states on its website that its mission is "to be the leading marketer, manufacturer and seller of organic and natural better-for-you products" and emphasizes its ability to create and inspire "A Healthier Way of Life" for children through its products). Based on Defendant's decision to advertise, label, and market its Tainted Baby Foods as healthy, nutritious, and safe for consumption, it had a duty to ensure that these and other statements were true and not misleading, which it failed to do. *See id.* at ¶ 34. Defendant Hain mislead reasonable consumers to purchase its Tainted Baby Foods to their detriment and the Related Actions all uniformly seek appropriate remedies for such substantially similar violations.

**III.    ARGUMENT**

By this motion, the *Stewart* Plaintiffs request that the Related Actions—which involve materially similar allegations against Defendant and seek to certify materially similar classes—be consolidated.

**A.    The Related Actions should be consolidated.**

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

7

Rule 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (court has "broad discretion to determine whether consolidation is appropriate.").

Consolidation is appropriate pursuant to Rule 42(a) when actions "involve common questions of law or fact." *Xu v. Gridsum Holding Inc.*, 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018). Here, consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts based upon the same Congressional Report under the same or substantially similar laws. Specifically, each of the Related Actions focuses on whether Hain is liable to Plaintiffs and Class Members for its Tainted Baby Foods that contained dangerous levels of toxic Heavy Metals, and its misrepresentations and omissions regarding same. Since the Related Actions pending before this Court present the same factual and legal issues, involve the same defendant, and will involve substantially the same discovery, consolidation is appropriate. *See Simmons v. Spencer*, 2014 U.S. Dist. LEXIS 58743, at *6-7 (S.D.N.Y. Apr. 24, 2014) (consolidation appropriate where "factual and legal allegations underlying all class definitions sufficiently overlap").

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motion practice, and would cause an unnecessary drain on judicial resources. And this is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. *See Simmons*, 2014 U.S. Dist. LEXIS 58743, at *6-7 (despite "minor differences" in class definitions, court consolidated various class actions involving common questions of law and fact because, *inter alia*, the "factual and legal allegations underlying all class definitions sufficiently overlap.").

In addition, to ensure continued judicial efficiency, the *Stewart* Plaintiffs also respectfully submit that the Court should order that any future actions that are filed or transferred to this Court

8

based on the same or similar facts and circumstances be consolidated with the Related Actions. *See, e.g.*, *Sklar v. Bank of Am. Corp. (In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.)*, 258 F.R.D. 260, 274 (S.D.N.Y. 2009) ("Future cases raising common questions of law and fact filed in this Court or transferred to this Court will also be consolidated into the appropriate consolidated case.").

Defendant will suffer no prejudice by litigating one consolidated action rather than eight —or more—separate suits. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved as well as the Court.

Finally, with respect to scheduling issues, the *Stewart* Plaintiffs respectfully request that the Court set the deadline for the filing of motions seeking interim lead counsel appointment pursuant to Fed. R. Civ. P. 23(g) for ten (10) business days following the entry of the consolidation order, should the Court grant the instant motion. In addition, the Stewart Plaintiffs respectfully request that the Court set a deadline for the filing of a consolidated amended complaint for the Related Actions, should consolidation be granted, for 45 days following the entry of an order under Rule 23(g).

## IV.     CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Related Actions be consolidated for all purposes.

Respectfully submitted,

*/s/ Janine L. Pollack*
Janine L. Pollack, Esq.
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas
9th Floor
New York, New York 10036
Phone: (917) 899-1765
Fax:  (332) 206-2073
Email:  jpollack@calcaterrapollack.com

9

**GEORGE GESTEN MCDONALD, PLLC**
Lori G. Feldman (LF-3478)
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (561) 232-6002
Fax: (888) 421-4173
*LFeldman@4-Justice.com*

**GEORGE GESTEN MCDONALD, PLLC**
David J. George, Esq. (pro hac vice forthcoming)*
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33463
Phone: (561) 232-6002
Fax: (888) 421-4173
*DGeorge@4-Justice.com*

*Attorneys for Plaintiffs Nicole Stewart, Elizabeth Agramonte and Summer Apicella and the Proposed Class in the Stewart Action*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 28, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Janine L. Pollack*
Janine L. Pollack